[Cite as *State v. Covington*, 2012-Ohio-6235.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     26370 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| BILLY J. COVINGTON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No.     CR 11 11 3140 |

## DECISION AND JOURNAL ENTRY

Dated: December 31, 2012

MOORE, Presiding Judge.

**{¶1}** Defendant, Billy J. Covington, appeals from the judgment of the Summit County Court of Common Pleas.  This Court affirms.

I.

**{¶2}** In 2011, the Summit County Grand Jury returned an indictment charging Mr. Covington with escape, robbery, attempted kidnapping, and attempted rape.  The robbery, attempted kidnapping, and attempted rape charges stemmed from an incident which occurred on November 10, 2011 in a bank parking lot.[1]  On that date, a bank customer, Ms. Shirley Bennett, alleged that Mr. Covington attacked her, made a lewd demand of her, and physically restrained her as she was entering her car.  Ms. Bennett ultimately was able to scare off Mr. Covington by reaching a handgun from the center console of her car and firing a shot in the air.

---

[1] The escape charge arose from Mr. Covington's impermissible departure from a detention facility while being held on a previous charge unrelated to the matter before us.

{¶3} Mr. Covington pleaded guilty to the robbery and escape charges, and he pleaded not guilty to, and waived his right to a jury trial on, the attempted kidnapping and attempted rape charges. A bench trial commenced, and, at the close of the State's case, Mr. Covington moved for an acquittal on the charges pursuant to Crim.R. 29. The trial court granted his motion as to the attempted rape charge, but denied his motion as to the attempted kidnapping charge. After trial, the court found Mr. Covington guilty of attempted kidnapping in violation of R.C. 2905.01(A)(4). The trial court sentenced him to a total term of incarceration of ten years, imposed upon him a Tier II sexual offender status, and required him to comply with certain reporting requirements.

{¶4} Mr. Covington timely filed a notice of appeal and raises one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

[MR. COVINGTON]'S CONVICTION FOR ATTEMPTED KIDNAPPING WITH A SEXUAL MOTIVATION WAS BASED UPON INSUFFICIENT EVIDENCE AS A MATTER OF LAW, AND WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶5} In his sole assignment of error, Mr. Covington argues that his conviction for attempted kidnapping was not supported by sufficient evidence and was against the manifest weight of the evidence. We do not agree.

Sufficiency of the Evidence

{¶6} The issue of whether a conviction is supported by sufficient evidence is a question of law, which we review de novo. *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997). When considering a challenge to the sufficiency of the evidence, the court must determine whether the prosecution has met its burden of production. *Id.* at 390 (Cook, J. concurring). In making this

determination, an appellate court must view the evidence in the light most favorable to the prosecution:

> An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

*State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus. Circumstantial and direct evidence "possess the same probative value[.]" *Id.* at paragraph one of the syllabus. "Furthermore, if the State relies on circumstantial evidence to prove any essential element of an offense, it is not necessary for such evidence to be irreconcilable with any reasonable theory of innocence in order to support a conviction." (Internal quotations omitted.) *State v. Tran*, 9th Dist. No. 22911, 2006-Ohio-4349, ¶ 13.

{¶7} Here, Mr. Covington challenges his conviction for attempted kidnapping, in violation of R.C. 2923.02 and R.C. 2905.01(A)(4). R.C. 2923.02(A) prohibits the "attempt" of an offense, and provides that "[n]o person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense shall engage in conduct that, if successful, would constitute or result in the offense." R.C. 2905.01(A)(4) prohibits kidnapping with a sexual motivation, and provides that "[n]o person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person * * * [t]o engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will."

{¶8} R.C. 2907.01(C) defines "sexual activity" as "sexual conduct or sexual contact, or both." "Sexual conduct" refers to "vaginal intercourse between a male and female; anal

intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal opening of another. Penetration, however, slight, is sufficient to complete vaginal or anal intercourse." R.C. 2907.01(A). "Sexual contact" refers to "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01(B).

{¶9} Here, Mr. Covington specifically challenges the evidence as insufficient to prove that his purpose in committing the offense was "[t]o engage in sexual activity" with Ms. Bennett. As Mr. Covington has limited his argument to this element of the offense, we limit our discussion accordingly.

{¶10} As part of its case-in-chief, the State provided Ms. Bennett's testimony. Ms. Bennett testified that she is employed as an office manager at a trucking company. On November 10, 2011, Ms. Bennett was at the bank on company business. As she was leaving and approaching her car in the bank parking lot, Mr. Covington asked her for directions to Arlington Plaza. She pointed in the direction of the Plaza and said, "That way." She then started to enter her car, and Mr. Covington attacked her from behind. He hit her in the head three times and pushed her upper body inside of her car. Ms. Bennett attempted to crawl through the front seat to exit through the passenger door. While she was attempting to escape, Mr. Covington said, "Show me your pussy." Ms. Bennett was able to open the passenger door, but Mr. Covington was holding her by her hips, preventing her from leaving. They continued to struggle, and Ms. Bennett was able to turn over on the seat, so that she was on her back facing Mr. Covington. While Ms. Bennett was positioned with her back on the front seat, Mr. Covington's body was

situated in between her legs, and he was holding onto her thighs. At that time, his tongue was sticking out of his mouth. While facing Mr. Covington, Ms. Bennett was able to obtain her gun, for which she had a concealed carry permit, from her center console. She warned him that she had a gun and said, "Don't make me use it." He reached for the gun, and Ms. Bennett fired a shot straight up into the air from the open passenger door. Mr. Covington then fled on foot.

{¶11} Ms. Bennett further testified that, during the struggle, her keys, which she was holding when she began to enter her car, had fallen to the floor on the driver's side. Mr. Covington at no time during the attack demanded her car keys, nor did he attempt to physically obtain the keys from her.

{¶12} Mr. Covington argues that the above testimony is insufficient to prove that he attempted to restrain Ms. Bennett for the purpose of engaging in sexual activity. In support, Mr. Covington cites extensively to *State v. Jones*, 8th Dist. No. 82978, 2004-Ohio-512. The offense in that case was attempted rape, not kidnapping. *Id.* at ¶ 17. Attempted rape requires proof of attempted "sexual conduct." *Id.* at ¶ 17-18; R.C. 2923.02(A). In *Jones*, the Eighth District determined that attempted "sexual conduct" cannot be proved solely by evidence that the offender demanded the victim to disrobe. *Id.* ¶ 24. However, here, as set forth above, attempted kidnapping in violation of R.C. 2905.01(A)(4), requires proof of an attempt to kidnap an individual in order to engage in "sexual activity," which consists of "sexual conduct," "sexual contact," or both. "Sexual contact," unlike "sexual conduct," does not require proof of acts of cunnilingus or penetration, and instead encompasses the "touching" of an erogenous zone of another for sexual gratification. *See* R.C. 2907.01.

{¶13} In ruling on Mr. Covington's Crim.R. 29 motion, the trial court determined that there was sufficient evidence that Mr. Covington intended to kidnap Ms. Bennett in order to

engage in "sexual contact" with her. The trial court cited to Ms. Bennett's testimony that Mr. Covington ordered her to expose her vaginal area to him, and that he restrained her by her thighs while he was positioned between her legs, standing over her, with his tongue sticking out.

{¶14} Our review of the record leads us to a conclusion consistent with that of the trial court. The evidence set forth above, viewed in the light most favorable to the State, is sufficient for a reasonable jury to conclude that Mr. Covington acted with the purpose to engage in sexual contact, and thus sexual activity, with Ms. Bennett. Accordingly, insofar as Mr. Covington's assignment of error pertains to the sufficiency of the evidence, it is overruled.

Manifest Weight of the Evidence

{¶15} Mr. Covington further argues that his conviction was against the manifest weight of the evidence. When a defendant asserts that his conviction is against the manifest weight of the evidence:

> an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.

*State v. Otten*, 33 Ohio App.3d 339, 340 (9th Dist.1986). In making this determination, this Court is mindful that "[e]valuating the evidence and assessing credibility are primarily for the trier of fact." *State v. Shue*, 97 Ohio App.3d 459, 466 (9th Dist.1994), citing *Ostendorf-Morris Co. v. Slyman*, 6 Ohio App.3d 46, 47 (8th Dist.1982) and *Crull v. Maple Park Body Shop*, 36 Ohio App.3d 153, 154 (12th Dist.1987).

{¶16} At trial, Mr. Covington testified that he was in the area of the bank on the date at issue because he wanted to find a car to steal so that he could drive to California. Ms. Bennett was the first person that he saw walk out of the bank. He waited until Ms. Bennett was in her

car, and then he asked her for directions to the expressway. As she was giving him directions, he walked closer to her car. When he reached her car, he demanded her car keys, which were in the ignition, and he opened her car door. He then attempted to force Ms. Bennett out of the car, and, at some point during the struggle, Mr. Covington noticed that Ms. Bennett had a gun in her hand. He attempted to remove it and to pull her out of the vehicle, but she pushed herself toward the front passenger door and fired her gun. He then left the scene. A few hours later he was arrested. Mr. Covington maintained that he was not trying to kidnap Ms. Bennett; instead, he wanted only to steal her car. He further maintained that he did not push Ms. Bennett into the car, that he did not prevent her from leaving the car, and that at no time did he order her to show him her private parts.

{¶17} However, as set forth in our discussion of the sufficiency of the evidence, Ms. Bennett testified that Mr. Bennett pushed her into her car and told her to expose to him her private parts. He then prevented her from exiting the car by holding onto her hips from behind her. When she was able to turn over, he held her down by her thighs while his body was between her legs and his tongue was hanging from his mouth. In response to Ms. Bennett's testimony, Mr. Covington argues that the State's theory of events is undermined because the incident took place outside, during the day, and in a parking lot which is adjacent to a four-lane road.

{¶18} Therefore, Mr. Covington's argument centers around the credibility of the witnesses, as his and Ms. Bennett's testimony presented opposing versions of the facts. However, we have repeatedly held that, "[a] conviction is not against the manifest weight because the [trier of fact] chose to credit the State's version of events." *State v. Peasley*, 9th Dist. No. 25062, 2010-Ohio-4333, ¶ 18.

**{¶19}** After reviewing the entire record, weighing the inferences and examining the credibility of witnesses, we cannot say that the trial court clearly lost its way and created a manifest miscarriage of justice in finding Mr. Covington guilty of attempted kidnapping in violation of R.C. 2905.01(A)(4).

**{¶20}** Accordingly, Mr. Covington's assignment of error, insofar as it pertains to the manifest weight of the evidence, is overruled.

### III.

**{¶21}** Mr. Covington's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

CARLA MOORE
FOR THE COURT

CARR, J.
BELFANCE, J.
CONCUR.

APPEARANCES:

NICHOLAS SWYRYDENKO, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.